IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NATIONWIDE MUTUAL INSURANCE COMPANY,

        Plaintiff,

v.                                                      CIVIL ACTION NO. 2:21-cv-00646

TERRANCE LEE WEBSTER

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Claudia Rocio Parsons's Motion to Intervene. [ECF No. 5]. Ms. Parsons seeks to intervene in litigation between Plaintiff, Nationwide Mutual Insurance Company, and Defendant, Terrance Lee Webster, where Nationwide seeks a declaration from this court that it has no duty to defend or indemnify Mr. Webster under the insurance policy issued by Nationwide to Geraldine M. Church. For the following reasons, the Motion is GRANTED.

I. Background

On September 27, 2018, Mr. Webster's vehicle traveled left-of-center on U.S. Route 55, near Calvin, West Virginia, and struck Ms. Parsons's vehicle in her lane of travel. [ECF No. 6, at 1]. Ms. Parsons sustained injuries as a result of the collision. She filed an underlying lawsuit against Mr. Webster in the Circuit Court of Nicholas County, West Virginia, styled *Parsons v. Webster*, Civil Action No. 20-C-70, pursuant to the incident. [ECF No. 1, at 1].

During the course of discovery in the underlying lawsuit, Mr. Webster appeared for a deposition and testified that on the day of the collision, he resided with his grandmother, Geraldine M. Church. At the time of the collision, Ms. Church owned a motor vehicle insured by Nationwide. Mr. Webster was not driving Ms. Church's insured vehicle during the crash—rather, he was operating an uninsured vehicle owned by another person, Samantha Adkins. [ECF No. 6, at 3]. However, Ms. Church's insurance policy with Nationwide covers "[a] motor vehicle owned by a non-member of your household . . . while the vehicle is being used by you or a relative" where "relative" is defined as "one who regularly lives in your household and who is related to you by blood, marriage or adoption (including a ward or foster child). A relative may live temporarily outside your household." [ECF No. 1, at 5, 6–7].

Mr. Webster has sought insurance coverage from Nationwide under Ms. Church's policy for the claims alleged in the underlying case. Ms. Church has not sought insurance coverage for Mr. Webster from Nationwide under her policy and testified at her deposition that Mr. Webster was not living with her at the time of his collision with Ms. Parsons. *Id.* at 8. Nationwide filed this declaratory judgment action pursuant to 28 U.S.C. § 2201 *et seq.* and Federal Rule of Civil Procedure 57 seeking a declaration that it has no duty to defend or indemnify Mr. Webster under the policy. *Id.* at 1.

Mr. Webster failed to answer Nationwide's complaint, and on March 1, 2022, the Clerk entered default against him. [ECF No. 9]. Ms. Parsons filed this Motion to

2

Intervene as of right under Federal Rule of Civil Procedure 24(a). [ECF Nos. 5, 6]. On March 3, 2022, Nationwide and Ms. Parsons stipulated that Ms. Parsons's Motion to Intervene should be granted. [ECF No. 11].

## II.  Legal Standard

Federal Rule of Civil Procedure 24(a)(2) provides that upon a timely motion, a district court must permit intervention as of right when the movant can show "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir, 1991)).

## III.  Discussion

First, to intervene as of right, Ms. Parsons must show an interest in the subject matter of the action. While the language of Rule 24 itself does elaborate on the nature of the interest requisite for intervention as of right, the Supreme Court of the United States has noted that this interest implies a "significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). The Fourth Circuit has found that an "interest contingent upon the outcome of other pending litigation constitutes a significantly protectable interest." *Teague*, 931 F.2d at 261. Here, as in *Teague*, Ms. Parsons seeks to intervene in a case where the Plaintiff insurer seeks a declaration that it owes no coverage to the Defendant for the claims asserted against him by Ms.

3

Parsons. *Id.* at 260. The Fourth Circuit found that the *Teague* intervenors had an interest in the subject matter of the declaratory judgment action, as the intervenors stood to "gain or lose by the direct legal operation of the district court's judgment" on the complaint. *Id.* at 261. Similarly, I find that Ms. Parsons has a significantly protectable interest in the subject matter of this case.

Second, Ms. Parsons must show that a judgment in this action would impair the protection of her interest. I find that it would. In Ms. Parsons's underlying lawsuit, Mr. Webster has sought insurance coverage from Ms. Church's Nationwide policy. Should Nationwide prevail in this declaratory action against Mr. Webster because of his failure to respond, he could be deprived of insurance coverage that may have properly been available for the damages he caused Ms. Parsons. *See White Pine Ins. Co. v. Interstate Towing, LLC*, No. CV 3:21-0429, 2021 WL 5772454, at *2 (S.D.W. Va. Dec. 6, 2021). As a result, any relief Ms. Parsons could recover in her underlying lawsuit against Mr. Webster would be significantly impacted.

Finally, Ms. Parsons must show that her interests are not adequately represented by the existing parties to the litigation. With Nationwide as an adversary and Mr. Webster wholly failing to participate in this litigation, it is clear that Ms. Parsons's interests are not adequately represented at present.

## IV. Conclusion

For the foregoing reasons, the court **GRANTS** Ms. Parsons's Motion to Intervene [ECF No. 5]. The court **DIRECTS** Ms. Parsons to file an Answer to the

Complaint by March 14, 2022, as the parties have previously stipulated. *See* [ECF No. 11, at 1]. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

      ENTER:    March 8, 2022

      JOSEPH R. GOODWIN
      UNITED STATES DISTRICT JUDGE